Oscar Bravo, Appellant, v. Registrar of Property of Mayagüez, Respondent.

No. 762. Submitted April 22, 1929.—Decided April 30, 1929.

*José Sabater* for the appellant.

Mr. Justice Aldrey delivered the opinion of the court.,

Three persons sold to the appellant their joint interests in six rural properties for $2,750, distributed as follows.: Property described under A, $1,000; under B, $250; under C, $250; under D, $500; under E, $250; under F, $500.

The deed of sale was presented in the registry of property for record accompanied by internal revenue stamps for $12.50, but the registrar returned it without making any entry in his books because the statutory fees amount to $20.50 which the purchaser refused to pay. This appeal was taken from that decision.

There is no dispute between the appellant and the registrar about the correctness of these valuations and the only question is raised by the contention of the appellant that when several joint owners sell their interests to the same person the registrar can not collect fees for recording the various joint interests so sold, but only for a single record in favor of the purchaser of the joint interests acquired, while the registrar holds that as there are three joint owners who are the vendors in each property, he must collect fees for the three acquisitions of the appellant although a single record be made in his favor.

The appellant's argument is that if ten heirs acquire *pro indiviso* a property valued at $10,000 each one must pay $4.50 for the record made in his favor making a total of $45; but when the ten heirs sell those joint interests to one person the purchaser will pay only $10 for the record of those joint interests in his favor, citing in support thereof Galindo and Escosura, vol. 4, p. 748, 4th ed., reprint of 1903, which says that in the case of recording a property in favor of several heirs *pro indiviso* the registrar shall collect fees from each heir, although he makes only one record, because each heir acquires the hereditary right of a determined amount in the value of a property; but that this doctrine should not be extended to a case of the sale of one property to several persons *pro indiviso* because in reality the only transaction

is the conveyance of the ownership of the property. We shall not consider the merits of that opinion because it has no relation to the present case, for it is not one of the sale of a property to several persons *pro indiviso,* but of the sale of several joint interests to a single person. More appropriate is the citation by the registrar of Morell, vol. 5, p. 303, which treats directly of the question at issue in this appeal as follows:

"It is considered doubtful by some whether in the condominium may be seen always various rights or only one. But if a property belongs *pro indiviso* to three persons and each one conveys his interest to a different person, or to the same person at different times, nobody will doubt that fees should be collected for three rights. To follow another rule for the casual reason that the property was acquired in the same transaction by a single individual would not be very logical and would be equivalent to collecting fees for persons and not for rights. Therefore, if one person sells a property to six, each purchaser should pay his fees in accordance with the value of the undivided part acquired by him. If one person purchases from six, he acquires six distinct rights, each with a private and special value, although referring to the same property.

"The question may be discussed in the last case because in it the record is made in favor of the purchaser by consolidating in his hands rights which were different but have become one by the consolidation. There can be no discussion in the first case in which six different rights are recorded in favor of six different persons."

We are of the opinion that although a single record be made in favor of the appellant of the three joint interests sold to him in each property, there would be recorded in his favor the acquisitions of three joint interests and therefore he should pay for each one of them. If for any reason only the purchase of one of those joint interests should be recordable, nobody would doubt that fees should be collected for that record, although no record had been requested or made of the others.

The decision appealed from must be affirmed.